# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0376V

| | |
|---|---|
| BONNIE GRACZYK,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 8, 2024 |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC,* for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 8, 2021, Bonnie Graczyk filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received in her left arm on November 19, 2019. Petition at 1, 3. On September 20, 2023, I issued a decision awarding compensation to Petitioner, based on the Respondent's proffer. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $38,689.80 (representing $37,723.80 for attorney's fees, $963.20 for attorney's costs, and $2.80 for Petitioner's out-of-pocket costs). Motion for Payment of Petitioner's Attorney's Fees and Reimbursement of Case Costs, filed Nov. 22, 2023, ECF No. 41. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred $2.80 in out-of-pocket expenses. ECF No. 41-3.

Respondent reacted to the motion on December 5, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 42. Petitioner filed a reply on December 5, 2023, requesting that the Court award all fees and costs as indicated in Petitioner's Motion. ECF No. 43.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

I note this case required additional briefing regarding the issue of entitlement, specifically the onset of her pain. *See* Status Report filed Feb. 9, 2022, ECF No. 22 (reporting an impasse in settlement discussions); Petitioner's Motion for Finding of Fact, Mar. 9, 2022, ECF No. 24; Petitioner's Reply to Respondent's Response, filed Mar. 29, 2022, ECF No. 27. Petitioner's counsel expended approximately 5.8 hours drafting the motion; and approximately 8.3 hours drafting the reply, totaling 14.1 hours. ECF No. 41-1 at 20-22. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Lastly, Petitioner has provided supporting documentation for the claimed costs. ECF Nos. 41-2 and 41-3. Although some of the postage receipts do not include the exact amount paid, these receipts appear to be for approximately $7.00 in postage costs. And Respondent offered no specific objection to the rates or amounts sought. Thus, I find them to be reasonable and will reimburse all Petitioner's and attorney's costs.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $38,689.80[3] as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

2

- **A lump sum of $38,687.00, representing reimbursement in the amount of $37,723.80 for attorney's fees and $963.20 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $2.80, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

**Per Petitioner's request, the checks are to be forwarded to Maglio Christopher & Toale Law, 1605 Main Street, Suite 710, Sarasota Florida 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.